Hamilton Ward, J.
The defendant-petitioner (hereinafter referred to as the defendant) was, in March of 1956, convicted after trial in this court of robbery in the first degree and was sentenced thereon to a term of not less than 10 nor more than 30 years. He was represented at all times by counsel assigned to his defense by the court. It is now alleged that such assigned counsel failed to file a notice of appeal from the judgment of conviction and failed to advise the defendant that he (the defendant) had a right to review upon appeal, thereby depriving the defendant of that opportunity. The present application is said to be one “ to re-instate the appeal”, but since it appears that no appeal was ever made, the petition will be treated as seeking a resentence nunc pro tunc. (See People v. Hairston, 10 N Y 2d 92, 94.)
The defendant relies upon the decisions of the Court of Appeals in People v. Stanley (12 N Y 2d 250) and People v. Adams (12 N Y 2d 417) and that of the Appellate Division, Fourth Department in People v. Coe (16 A D 2d 876). In the Stanley case, the Court of Appeals remitted a coram nobis application to the Appellate Division for consideration of the claim that the appellant’s appeal from a judgment of conviction had been dismissed for failure to prosecute even though that failure was due to indigency. In view of the decision of the United States Supreme Court in Griffin v. Illinois (351 U. S. 12) and the earlier rulings by the Court of Appeals itself, the holding *101 implicit in the Stanley case was preordained. It is not however helpful to the defendant here, where the loss of an opportunity for review was caused not by some action of the State or because of the indigency of the defendant, but rather by the simple failure of counsel to file a notice of appeal.
In People v. Adams (supra) a notice of appeal was in fact filed but later dismissed without notice to the appellant who alleged ignorance not only of the dismissal, but of the fact that an appeal had been taken. While the result there might be read as turning on the claim that the appellant’s counsel had abandoned the appeal without notice to the appellant, it seems correct in view of the later decisions to say that the appellant’s right to appeal was frustrated by an order of dismissal made without notice to the appellant who was not represented by counsel and who, it may be assumed, was without funds to employ counsel to perfect the appeal. It is true that the opinion of a unanimous court written by Chief Judge Desmond in the Adams case cited with apparent approval the decision of the Appellate Division, Fourth Department in People v. Coe (supra) but once again later decisions seem to have undermined the holding in Coe. In that case, the court remanded the matter for a hearing upon the question of whether or not the appellant was prevented by the acts of his assigned counsel from complying with the statutory requirements for the taking and perfecting of an appeal from a judgment of conviction. The ‘ ‘ acts of * * * counsel ’ ’ of which the appellant complained, consisted of statements to the effect that an appeal would not be possible without funds with which to procure a transcript of the evidence and to pay for the printing of papers on appeal.
The later decisions referred to as undermining the authority of Coe are three in number. In People v. Marchese (14 N Y 2d 695, cert. den. 381 U. S. 910) and People v. Smith (14 N Y 2d 696, cert. den. 381 U. S. 920) the Court of Appeals affirmed holdings of the Appellate Division, Second Department which in turn affirmed denials, without hearing, of applications made below, each of which alleged that the right to appeal was lost because of the acts or omissions of retained counsel. The third decision came in People v. Kling (14 N Y 2d 571, cert. den. 381 U. S. 920) where relief was denied upon a claim that the appellant’s assigned counsel failed to file a notice of appeal although he had assured appellant that he would do so. A majority of the court in Kling cited as authority for the denial of the relief, earlier holdings in People v. Tomaselli (7 N Y 2d 350) and People v. Brown (7 N Y 2d 359) to the effect that postconviction relief *102 is available only where a protected right is denied or interfered with by some activity on the part of the State as opposed to actions taken by counsel.
Although it appears that the decisions in Kling, Smith and Marchese settled the whole question, whether the failure to file a notice of appeal was that of assigned or retained counsel, and whether or not the failure was a breach of counsel’s promise to the defendant that a notice of appeal would be filed, or resulted from erroneous advice given the defendant respecting his right to appeal, some later decisions are difficult to assess. In People v. Barsey (21 A D 2d 828) and People v. Anderson (22 A D 2d 805) the Appellate Division, Second Department directed hearings on the question whether the defendant’s failure to file and serve a notice of appeal was attributable to any breach of promise on the part of assigned counsel, while the same court in People v. Melfi (23 A D 2d 681) and People v. Weeks (23 A D 2d 684) stated, in dicta, that even if counsel had failed to fulfill a promise to file and serve a timely notice of appeal, that would not be sufficient ground to require vacation of the judgment.
Whatever the import of these somewhat contradictory dispositions and statements, I am persuaded that the present application must be denied upon the authority of the decisions of the Court of Appeals cited earlier. This petition simply alleges a failure on the part of counsel to file a timely notice of appeal or to advise the defendant of his right to do so, but that failure is not attributable to the State of New York. The petition is therefore denied.